**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | No.  07-10221-MLB |
| JAMES BLACK, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions submitted by defendant James Black:

1) Motion for acquittal or, in the alternative, a new trial (Doc. 886);

2) Motion for arrest of judgment (Doc. 887);

3) Motion to set aside judgment (Docs. 983*, 984*);

4) Motion for review (Doc. 1016*);

5) Motion to vacate (Doc. 1017*);

6) Motion for production of statements (Doc. 1019*); and

7) Motion for recusal (Doc. 1020*).

The motions have been fully briefed and are ripe for decision. (Doc. 1027, 1028)).  Black's motions are denied for the reasons herein.

**I.   Facts and Procedural History**[1]

Black, along with three co-defendants, were charged in a Fifth

---

[1] A more detailed discussion of the procedural history of this case, which was initially filed in 2007, can be found in this court's previous orders.  See Docs. 800, 850.

* Filed pro se after defendant was apprehended following his failure to appear for sentencing.

Superceding Indictment filed on September 14, 2011. The indictment contained a total of 35 counts and forfeiture allegations. Black was charged in Count 2 with conspiracy to distribute cocaine occurring from an unknown date until September 23, 2007. No co-conspirators were identified by name in Count 2, only "other persons whose identities are both known and unknown . . . ." Black was also charged with five counts of using a telephone to distribute cocaine, and four counts of possession with intent to distribute cocaine. On March 26, 2012, the court granted in part Black's motion to sever. (Doc. 867). The court severed Clearance Reed and Gregory Reynolds because Reed and Reynolds were not charged with conspiracy. See Doc. 867. The trial was set for April 3 with two defendants, Black and Michael Biglow, who was charged in a separate conspiracy count.

On April 3, the jury was empaneled. On April 10, at the conclusion of the evidence, Black moved for judgment of acquittal on all counts. The court denied Black's motion. After deliberating over two days, the jury returned a guilty verdict on all counts. Sentencing was set for July 2, 2012. Black, however, failed to appear for an interview with probation and a warrant was issued for his arrest. Black was arrested on March 24, 2014, when he was stopped by Wichita police officers. Black was charged in state court for various offenses and served a short sentence. While in state custody, Black filed various motions pro se. The court will address each motion in turn.

**II. Analysis**

    **A. Motion for Judgment of Acquittal (Doc. 886)**

Defendant moves for acquittal of his conspiracy charge on the

basis that there was insufficient evidence to support a conspiracy to distribute cocaine. (Doc. 886). Pursuant to Fed. R. Crim. P. 29(c), a defendant may move for judgment of acquittal after the jury has returned a guilty verdict. If a defendant offers evidence, as he did in this case, the court reviews the entire record in order to determine if there was sufficient evidence for a reasonable jury to find defendant guilty. United States v. Delgado-Uribe, 363 F.3d 1077, 1083 (10th Cir. 2004). In reviewing the evidence, the court must view all evidence in the light most favorable to the government. United States v. Swanson, 360 F.3d 1155, 1162 (10th Cir. 2004). A conviction may be reversed only if "no reasonable juror could have reached the disputed verdict." United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997).

During the trial, the government introduced recorded conversations between Tyrone Andrews and Black. The government also called Andrews and Abarca to testify. The evidence established that Andrews was a major dealer who received approximately five to ten kilos a week from either Jose Pizana, referred to as the "high" one in the recorded calls, or Jesus Abarca, referred to as the "fat" one. The recorded calls between Andrews and Black demonstrated that Black was purchasing cocaine from Andrews. Moreover, Andrews testified that Black purchased cocaine on numerous occasions in order to sell it. Black also confessed to his crimes in an interview with the Wichita Police Department.[2]

---

[2] Black argues that the court erroneously denied his motion to suppress his statement. (Doc. 886 at 3). Black, however, offers no authority for this position nor does he attempt to argue how the decision was erroneous. Therefore, Black's statement was properly

Turning to the elements, the instruction to the jury[3] on the conspiracy count stated as follows:

> To find Black guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First: two or more persons agreed to violate the federal drug laws;
>
> Second: Black knew the essential objective of the conspiracy;
>
> Third: Black knowingly and voluntarily involved himself in the conspiracy; and
>
> Fourth: there was interdependence among the members of the conspiracy.

(Instruction No. 7).

Black first asserts that the evidence was not sufficient to establish beyond a reasonable doubt that he knowingly and voluntarily entered into an agreement to distribute cocaine with Andrews, thus challenging the first and third elements. The Tenth Circuit has held that the jury may infer an agreement from circumstantial evidence. United States v. Delgado-Uribe, 363 F.3d 1077, 1083 (10th Cir. 2004). Factors for the court to consider in reviewing a jury's verdict include, but are not limited to: "(1) a defendant's presence at the crime scene; (2) a defendant's association with co-conspirators; (3) evidence of conflicting stories; (4) active attempts to divert officers' attention from a stopped vehicle; (5) participation in drug transactions; or (6) knowledge of and control over drugs." Id. A single factor may be insufficient; however, a direct correlation

---

introduced at trial.

[3] These elements are in accordance with Tenth Circuit law and Black has not challenged the instructions in his motion. United States v. Wright, 506 F.3d 1293, 1297-98 (10th Cir. 2007).

exists "between the number of circumstantial facts and the existence of a conspiracy." Id.

In this case, the evidence supports more than one factor. There is substantial evidence to support a finding that Black had knowledge and possession of cocaine. Andrews testified that he sold Black cocaine on several occasions. The recorded calls also show that Black purchased cocaine from Andrew. Moreover, Black confessed to his involvement to police officers. The court finds that this evidence is sufficient to infer a knowing and voluntary agreement by Black to enter into a conspiracy with Andrews. See United States v. Small, 423 F.3d 1164, 1184-85 (10th Cir. 2005).

Next, Black contends that there was not sufficient evidence to support interdependence in this case. Basically, Black's position is that the government only established a buyer-seller relationship with Tyrone Andrews and that the cocaine was for Black's personal use. Interdependence is established when "each coconspirator's activities constitute essential and integral steps toward the realization of a common, illicit goal." United States v. Carter, 130 F.3d 1432, 1440 (10th Cir. 1997). Andrews testified that Black would not pay for the cocaine when he initially received it but that Andrews would front Black the cocaine. (Tr. at 565). A "front" is when a dealer provides the cocaine up front and payment is expected after the buyer resells the drugs. Small, 423 F.3d at 1184. This "arrangement strongly suggests that [Biglow] was expected to redistribute the fronted drugs for profit." Id. This evidence is sufficient to satisfy the interdependence element. See United States v. Roberts, 14 F.3d 502, 511 (10th Cir. 1993) (recognizing that fronting creates a situation

of mutual dependence because the seller's ability to front drugs is dependent on his receipt of money due).

Black's motion for acquittal on the conspiracy count is accordingly denied.[4]

**B. New Trial**

In the alternative, Black argues that this court's previous rulings were all in error. (Doc. 886 at 3-4). Black, however, offers no specific argument as to each ruling. Therefore, Black's motion for a new trial on this basis is denied.

**C. Motion for arrest of judgment (Doc. 887)**

Black renews his motion to dismiss on the basis that his Sixth Amendment right to a speedy trial was violated. The court denied Black's first motion concerning his speedy trial rights on November 3, 2011. (Doc. 800). Black has not established that this ruling was erroneous. Therefore, according to the order, Black had 70 days remaining on his speedy trial clock at the time the order was entered on November 3. Black, however, argues that the additional delay after this court's November 3, 2011, ruling violated his speedy trial rights. (Doc. 887 at 5-6). A review of the docket sheet shows that several motions were pending during November 2011 and the following months leading up to trial. "Delays resulting from pretrial motions are generally excluded from the speedy trial seventy day time limit,

---

[4] Black also makes the conclusory argument that the guilty verdict on the charges for possession with the intent to distribute was not established with sufficient evidence. (Doc. 886 at 2). Black, however, fails to address how the evidence did not establish the charges. Based on the evidence introduced at trial, supra, the court finds that there was sufficient evidence to convict Black on those charges.

as are reasonable periods of delay pertaining to co-defendants joined for trial." United States v. Gutierrez, 48 F.3d 1134, 1136 (10th Cir. 1995). Black's motion does not attempt to specifically discuss the motions pending after November 2011 and the effect of those motions on his speedy trial determination.

Black's motion for arrest of judgment is therefore denied.

### D.   Motion for a Departure (Docs. 983, 984)

In Black's pro se motion for departure, he contends that the government violated Brady and withheld evidence.  There is no evidence to support Black's allegations.  The motion is denied for the reasons stated in the government's response.

### E.   Motion for review (Doc. 1016)

In Black's pro se motion for review, Black asks the court to review Andrews' debriefings and take the testimony of Charles O'Hara, a defense attorney, in order to determine if the claims in his motion for a departure are valid.  The court has denied Black's motion for a departure.  Therefore, Black's motion for review is denied as moot.

### F.   Motion to vacate (Doc. 1017)

In Black's pro se motion to vacate, Black seeks a judgment of acquittal on the basis that his trial counsel, Carl Maughn, was ineffective for failing to raise the speedy trial issue after May 2011 and allegedly lying to Black about the speedy trial motion.  Maughn filed a motion to dismiss on the basis of a violation of speedy trial on September 7, 2011.  (Doc. 774).  Additionally, Maughn filed the motion arrest of judgment, discussed supra, on April 26, 2012.  (Doc. 887).  Therefore, Maughn preserved this issue during trial and was not ineffective.

Additionally, Black contends that the superceding indictments charged Black with possession of 500 grams of cocaine and that this allegation was not proven at trial. Black is incorrect. The grand jury did not specifically charge Black with possession of a specific quantity of cocaine. Biglow, however, was specifically charged with a conspiracy to distribute 500 grams of cocaine.

Black's motion to vacate is denied.

### G. Motion for production of statements (Doc. 1019)

Black moves, pro se, for an order requiring the government to disclose Andrews' debriefings. The government responds that it disclosed the debriefings to trial counsel. The government does not have an additional obligation to provide documents directly to Black. Therefore, Black's motion is denied.

### H. Motion for recusal (Doc. 1020)

Finally, in his last pro se motion, Black seeks my recusal on the basis that I am biased and prevented him from having a fair and impartial trial.

The standard, repeated in countless cases, is set out in Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1151 (10th Cir. 2006):

> "[J]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel" do not establish bias unless they "display[ ] deep-seated and unequivocal antagonism that would render fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification. United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citation and quotation marks omitted)."

Black's motion spends a considerable amount of time complaining

about his trial counsel and makes no attempt to correlate how the alleged deficiencies, i.e. motion practice and plea negotiations, result in judicial bias.  Black further suggests that I appointed Maughn as a favor to Maughn's father so that Maughn could gain experience in a complex case.  Contrary to Black's allegation, Maughn was appointed by the magistrate judge without any input from me.

None of Black's claims are remotely sufficient to satisfy the Bolden standard.  None would cause a reasonable, objective person, knowing all the relevant facts, to question my impartiality.  United States v. Erickson, 561 F.3d 1150, 1169 (10th Cir. 2009), cert. denied, 130 S. Ct. 173 (2009).[5]  Black's affidavit is insufficient to establish prejudice and I decline to recuse.

**III. Conclusion**

Black's motion for acquittal or, in the alternative, a new trial is denied.  (Doc. 886).  Black's motion for arrest of judgment is denied.  (Doc. 887).  Black's pro se motions are all denied.  (Docs. 983, 984, 1016, 1017, 1019, 1020).

Sentencing will be held on April 20, 2015, at 10:30 a.m.

IT IS SO ORDERED.

Dated this ___13th___ day of April 2015, at Wichita, Kansas.

---

[5] It is patently obvious that Black's pro se motions are "ghost written," presumably by an unidentified "jail house lawyer."  In the unlikely event that they were prepared by a licensed lawyer, the lawyer was required to sign them.  Duran v. Carris, 238 F.3d 1268, 1271 (10th Cir. 2001).  But irrespective of who prepared them, they are factually untrue.  For example, defendant states that I am a "golfing buddy" of his defense counsel's father (Doc. 1020 at 4).  I do not know defense counsel's father and I do not play golf.

-9-

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE